IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA R. MARONEY, )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 15-39
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Linda R. Maroney ("Maroney") filed an application for disability insurance benefits[1] and supplemental security income in September of 2011, alleging an inability to work beginning on June 13, 2011. (R. 208) Maroney bases her claim of disability on a broken left femur, a broken left hip bone, back problems, high blood pressure, hypertension, mitral valve prolapse and arthritis in her back. (R. 223) The claim was denied initially on February 13, 2012. (R. 126-36) Maroney's subsequent request for a hearing was granted and the Administrative Law Judge ("ALJ") conducted a hearing on March 20, 2013. (R. 34-67) A vocational expert ("VE") appeared and testified. The ALJ then issued an unfavorable decision. (R. 12-33) The Appeals Council subsequently denied Maroney's request for review. (R. 6-9) She then appealed to this Court.

Before the Court are Cross-Motions for Summary Judgment. *See* ECF Docket

---
[1] The ALJ concluded that Maroney met the insured status requirements of the Social Security Act through December 31, 2015. (R. 17)

*Nos.* [9] and [17]. Both parties have filed Briefs in Support of their positions. *See ECF Docket Nos.* [11], [18] After careful consideration of the submissions of the parties, and based on my Opinion set forth below, the ALJ's decision is affirmed.

**I. BACKGROUND**

Maroney was born on January 22, 1960, making her 51 years old at the time she filed her application. (R. 199) She is divorced, does not have any dependent children, and lives with her mother. (R. 41) Maroney graduated from high school. (R. 42) Her past work experience includes work as a receptionist, a clerk, a telemarketer and a care giver. (R. 43-45) While working as a care giver, she shattered her femur and has not returned to work. (R. 43) Maroney is able to care for herself. (R. 55) She also cooks and helps her mother with shopping and laundry. (R. 55-56) Maroney retains her driver's license and drives on a regular basis. (R. 56-57)

As stated above, the ALJ concluded that Maroney has not been under a disability within the meaning of the Social Security Act since June 13, 2011, the alleged onset date. (R. 12-33) Specifically, the ALJ determined that Maroney suffered from the following severe impairments: history of left femur fracture status post fixation, hypertension, hypothyroidism, thoracic and lumbar scoliosis and degenerative disc disease, cervical degenerative disc disease, and carpal tunnel syndrome. (R. 17-18) Nevertheless he concluded that those impairments or combination of impairments did not meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926. (R. 18-20) The ALJ further concluded that Maroney had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)

and § 416.967(b) with certain limitations. (R. 20-27) Ultimately, the ALJ concluded Maroney was able to perform her past relevant work as a receptionist, phone solicitor, and payroll clerk. (R. 27-29) Consequently, the ALJ denied her claim.

Maroney raises numerous challenges to the ALJ's decision. After careful consideration, I find reject Maroney's contentions.

## II. LEGAL ANALYSIS

### A) Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P. appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B) Discussion**

As stated above, Maroney challenges the ALJ's findings in numerous respects.

For the reasons set forth below, I find Maroney's challenges unpersuasive.

    (1)    Post Decision Evidence

First, Maroney contends that new evidence that was not available before the ALJ requires remand pursuant to 42 U.S.C. § 405(g).[2] If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. § 405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-93 (3d Cir. 2001) (Sentence Six review), *citing*, *Szubak v. Sec'y of HHS*, 745 F.2d 831, 833 (3d Cir. 1984). In *Szubak v. Secretary of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984), the Third Circuit explained the following:

> As amended in 1980, § 450(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

(citations omitted). All three requirements must be satisfied in order to justify remand. *Szubak*, 745 F.2d at 833.

---

[2] As stated above, the instant review of the ALJ's decision is not *de novo*. The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge*, 424 U.S. 319, 339, 96 S. Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) (stating that, "evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). My review of the ALJ's decision is limited to the evidence that was before him. *Id*; 42 U.S.C. § 405(g). Therefore, in this case, pursuant to Sentence Four of § 405(g), I cannot look at the post-decision evidence that was not first submitted to the ALJ when reviewing his decision.

Maroney characterizes a letter from Dr. Kang dated January 12, 2015 and a statement from Dr. Jacqueline Bacco dated December 30, 2014 as "new evidence." Assuming for purposes of argument that Kang's letter and and Bacco's statement satisfy the other parts of the test, I find that Maroney's proffers nevertheless fail to satisfy the "materiality" part of the test. As the *Szubak* Court stated, the evidence must relate to the time period for which the benefits were denied. Otherwise it is at best evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition.

Here, Bacco began treating Maroney *after* the ALJ authored his decision in this case and nothing in the Bacco statement indicates that it relates back to the relevant time frame. I reach a similar conclusion with respect to Dr. Kang's letter, which was authored almost two years after the ALJ issued his decision. Dr. Kang references "MRIs" and "x-rays" when opining about Maroney's spinal condition. *See ECF Docket No.* [12], p. 49. There is simply no indication that the MRIs and x-rays to which Kang refers are ones taken during the time period he treated Maroney – which commenced well after the ALJ issued his decision – or to some taken previously. Significantly, x-rays and MRI's taken during the relevant time period indicate only that Maroney suffered from only degenerative disk disease with no evidence of compression. [R. 326, 422, 429, 431-32]. The burden rests squarely on Maroney to demonstrate that the newly acquired evidence is material. *See Matthews*, 239 F.3d at 594 (stating that, "a claimant must satisfy all three requirements of Sentence Six in order to justify a remand"). Maroney has failed to meet that burden.

(2) Carpal Tunnel Syndrome

Maroney complains that the ALJ inappropriately rejected medical evidence regarding her carpal tunnel syndrome and instead substituted his own judgment. After careful review, I reject Maroney's contention. Significantly, Dr. Zerkel's conclusion that Maroney is "disabled" is not entitled to any controlling weight or special significance. *See* Social Security Ruling (SSR) 96-5p, 1996 WL 374183. The determination of disability is left to the Commissioner. 20 C.F.R. § 404.1527(d)(1), 416.927(d)(1). Moreover, an ALJ need not give deference to a physician's opinion when that opinion is conclusory in nature. *See Hart v. Barnhart*, 94 Fed. Appx. 130, 134 (3d Cir. 2004) and *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991) (holding that physician's opinions that are conclusory and unsupported by the medical evidence are not controlling). Dr. Zerkel's letter is conclusory and does not offer any evidence of medical findings in support of the contention that her carpal tunnel syndrome is disabling. Additionally, the import of the letter is questionable because it seems to have been penned well after he discontinued treatment of her.[3] Indeed, Dr. Zerkel's treatment notes speak to Maroney presenting for back pain. There is no mention of carpal tunnel syndrome. (R.464-505) Further, Dr. Zerkel's conclusion is not supported by other evidence in the record. The record appears devoid of any treatment records for her carpal tunnel. Further, there is no indication that she ever reported her carpal tunnel syndrome to her new primary care physician when she began treatment with him in December of 2012. Finally, Dr. Zerkel's conclusion is at odds with the opinion of the state agency physician who reviewed the record and opined that Maroney could

---

[3] Dr. Zerkel appears to have ceased treating Maroney in January of 2012. Dr. Abler did not conduct the nerve study test until November 11, 2012.

7

perform work at a medium level of exertion. (R. 111-112) [4]Consequently, I can find no error with the ALJ's determination in this regard.

    (3)    Degenerative Disc Disease

Maroney urges that the ALJ "failed to discuss" her scoliosis and severe degenerative disc disease. *See ECF Docket No.* [11], p. 4.[5] This contention is without merit. The ALJ discussed Maroney's scoliosis and degenerative disc disease fully and meaningfully. Indeed, he found both conditions to constitute "severe impairments" at the second step of his analysis. See ECF Docket No. [7], p. 17-18. The ALJ again considered the impairments at the third step of the analysis, noting that "[a]ccording to diagnostic studies, the claimant has degenerative changes from C3 through C7, degenerative disc disease at L4-L5 and L5-S1 with evidence o[f] [sic] prior surgical intervention, and evidence of thoracic scoliosis stabilized by the prior placement of a spinal rod." *Id.*, at 19. The ALJ concluded, however, that "none of these studies suggest the presence of significant nerve root or spinal cord compromise." *Id.* In assessing residual functional capacity, the ALJ again noted the degenerative changes from C3 through C7 and the degenerative disc disease at L4-L5 and L5-S1, the evidence of prior surgical intervention, and the stabilization of the thoracic scoliosis by the prior placement of a spinal rod. *Id.*, p. 23. He noted her use of medication for pain. *Id*, at 25. Thus, Maroney's contention that the ALJ erred in his "oversight" of her spinal condition is without merit.

---

[4] Maroney also relies upon Dr. Zerkel's medical statements in urging that the ALJ erred in his evaluation of her RFC. *See ECF Docket No*. [11], p. 10-12. I reject this argument for the same reasons that I find unpersuasive Maroney's contentions regarding carpal tunnel syndrome. The ALJ's conclusions regarding the import and weight to accord Dr. Zerkel's opinion is supported by substantial evidence of record.

[5] Maroney summarily argues that, due to the ALJ's alleged "oversight" of her spinal condition, he failed to engage in an evaluation for equivalence. *See ECF Docket No*. [11], p. 5 This cursory argumnent is unsupported in the Brief. Consequently, I decline to consider it.

(4)     Full and Fair Hearing

Maroney also argues that the ALJ denied her a full and fair hearing. Maroney's contention is based upon the ALJ's failure to direct her to obtain more detailed statements after rejecting Dr. Zerkel's Medical Source Statement as conclusory and not supported by clinical findings. *See ECF Docket No.* [11], p. 5.  She also charges the ALJ with failing in his duty to investigate and develop the facts of the case when, during the hearing, he allegedly prevented Maroney from expanding on her testimony regarding scoliosis, degenerative disc disease, and carpal tunnel syndrome. *Id.*, p. 6.

The Third Circuit Court of Appeals recognizes that due process mandates that a social security claimant be granted a full and fair hearing. *See Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995). It is this right which places a burden upon the ALJ to develop a full and fair record.[6] *See Ventura v. Shalala*, 55 F.3d at 902 (3d Cir. 1995), *citing, Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) *and Smith v. Harris*, 644 F.2d 985, 989 (3d Cir. 1981). Generally speaking, an ALJ is required to seek additional medical evidence if the evidence presented is inconclusive or unclear. *See Clark v. Colvin*, Civ. No. 12-1116, 2013 U.S. Dist. LEXIS 103363 at * 26 (D. Del. July 24, 2013). Although it is the ALJ's duty "to fully develop the record, the ALJ's duty does not supplant the claimant's burden to prove her claim of disability." *McCarthy v. Comm'r of Soc. Sec.*, Civ. No., 1999 WL 325017 at * 11 (D. N.J. 1991), *citing Hess v. Sec. Of Health*, 497 F.2d 837 (3d Cir. 1974) (finding that, although a remand was necessary because readily obtainable information was not secured on behalf of an unrepresented

---

[6] This duty is heightened when the claimant is unrepresented at the hearing before the ALJ. *See Livingston v. Califano*, 614 F.2d 342 (3d Cir. 1980); *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir. 1979). *See also Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003) (stating that, "[w]hen a claimant appears at a hearing without counsel, the ALJ 'must scrupulously and conscientiously probe into, inquire of, and explore for all the relevant fact.'") (citations omitted). Significantly, here Maroney was represented  by an attorney at the hearing before the ALJ.

9

claimant, the court cautioned that "[w]e do not say that an [ALJ] must search out all the relevant evidence which might be available, since that would in effect shift the burden of proof to the government.") Absent a clear showing of prejudice for failure to investigate further, courts have denied remand. *See, e.g., Glenn v. Comm'r. of Soc. Sec.*, 67 Fed. Appx. 715, 719 (3d Cir. 2003).

Having thoroughly reviewed the record, I am satisfied that the ALJ discharged his burden of providing a full and fair hearing. First, and significantly, Maroney was represented by an attorney throughout the proceedings before the ALJ. Second, there is no indication that Maroney sought to submit additional evidence following the conclusion of the hearing and was somehow denied. Maroney raised no objections to the completeness of the record at the administrative hearing (R. 36-37). Simply stated, the ALJ reviewed Dr. Zerkel's Medical Source Statement and found it lacking in support. Such a conclusion did not require him to further develop the record to obtain evidence to support Dr. Zerkel's conclusions. I similarly conclude that the ALJ discharged his duty to fully and fairly investigate the facts of the case during the hearing. Maroney suggests that the ALJ prevented her from testifying about her carpal tunnel and scoliosis. *See* ECF Docket No. [11], p. 6. Yet the transcript from the hearing reveals that Maroney did, in fact, testify about the back pain she had been suffering from the age of 14, including referencing the Harrington rod and associated pain as well as her carpal tunnel syndrome. (R. 50-52) The ALJ specifically asked about what prompted the pain, what medications were available to alleviate it, how the pain impacted activities of daily living. Additionally, Maroney's attorney was given the opportunity to examine her and asked questions about her back and carpal tunnel. (R.

57-61) Consequently, I reject Maroney's contention that the ALJ failed to provide her with a full and fair hearing.

(5) "Substantial Evidence"

Maroney's next argument is difficult to follow. She "submits that the ALJ drew conclusions not supported by 'substantial evidence" which, in turn, resulted in the rejection of Plaintiff's testimony." *See ECF Docket No.* [11], p. 7. The allegedly erroneous conclusions relate to instructions from her physician regarding the use of a cane as well as her work history. According to Maroney, statements and conclusions the ALJ made are indicative of the ALJ's "adversarial" stance and demonstrates that his conclusions about her were based upon assumptions. *See ECF Docket No.* [11], p. 8. She contends that the ALJ should have asked her questions in order to obtain additional information about these issues.

After careful review, I conclude that the ALJ's conclusions in this regard are supported by substantial evidence and do not reflect an "adversarial stance." Indeed, the record clearly indicates that Dr. Lochow instructed Maroney to wean herself from the use of her cane. (R. 525) Nevertheless, she continued to use her cane. Further, there can be no dispute that Maroney's work history since 2007 has resulted in "sporadic earnings."

As to Maroney's argument that the ALJ took an adversarial stance and made inappropriate comments regarding her motive to work, I am confident that the ALJ's isolated comment regarding "motivation" does not reflect any bias. The statement was made in the course of the ALJ's evaluation of Maroney's credibility – whether the severity of the limitation suggested by her testimony was supported by treatment

11

evidence. The ALJ's comment does not convince me that the ALJ denied Maroney from receiving a full and fair hearing or that the ALJ was somehow biased. *See Maher v. Astrue*, Civ. No. 8-156J, 2009 WL 3152467 at * 3-4 (W.D. Pa. 2009) (stating that an ALJ is not required to equate a long work history with credibility, and that an ALJ's isolated comments did not evince bias).

(6) Subjective Complaints of Pain

Maroney also challenges the ALJ's assessment of her subjective complaints of pain. Specifically, Maroney alleges that the ALJ's conclusions regarding her credibility "seem to require Plaintiff to prove her disabling pain." See ECF Docket No. [11], p. 9. She also references the letter dated December 230, 2014 by Dr. Bacco in support of her complaints of pain.

Maroney's arguments are not convincing. First, the ALJ did not place any inappropriate burden on Maroney. The ALJ considered whether Maroney suffered from underlying medically determinable physical or mental impairment(s), and whether any such impairment(s) could reasonably be expected to produce the pain which she claimed. (R. 20-27) Second, any reference to Dr. Bacco's letter is unpersuasive. This evidence has been rejected as set forth above.

### III. **CONCLUSION**

After a thorough review of the record and careful consideration of Maroney's arguments, I find that the decision rendered below is supported by substantial evidence of record. Accordingly, the decision is affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA R. MARONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action No. 15-39 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 22nd day of January, 2016, it is ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and the Defendant's Motion for Summary Judgment (Docket No. 17) is GRANTED.

It is further ordered that the decision of the Commissioner of Social Security is hereby affirmed.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge